```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

WALTER H. CARY, III,

                Petitioner,

v.                              Case No. 3:08-cv-1009-J-12MCR

STEVEN SINGER, etc.,

                Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) (hereinafter Petition) on October 20, 2008. Petitioner challenges an administrative disciplinary report he received while incarcerated at Gainesville Correctional Institution, and his punishment of sixty days of confinement and the loss of ninety days of gain time.

Petitioner states that he has exhausted his administrative remedies, but he admits that he has not exhausted his state court remedies. He claims that he should be allowed to circumvent the exhaustion process because of the time factor. He claims circumstances exist rendering the state process ineffective because if he is granted full relief, he would be released by November 27, 2008, rather than his current projected release date of March 17,

2009.[1]  Therefore, he argues that he should not be required to exhaust his state court remedies.

The Court does not find Petitioner's argument to be persuasive.  Petitioner has not shown that state court remedies would be ineffective.  "The exhaustion requirement is excused only in those 'rare cases where exceptional circumstances of peculiar urgency' mandate federal court interference."  Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993) (quoting Ex Parte Hawk, 321 U.S. 114, 188 (1944)); see also Irvin v. Dowd, 359 U.S. 394, 405 (1959) (except in cases of peculiar urgency, federal courts should not entertain a state prisoner's petition in advance of a final determination of his case in the state courts).

Petitioner "has not demonstrated that seeking state remedies would be futile."  Moon v. Collins, 22 F.3d 1093 (5th Cir. 1994) (per curiam) (not selected for publication in the Federal Reporter).  He has not shown the absence of a state corrective process or circumstances rendering the process ineffective to protect his rights.  Id.  "Generally, a habeas petitioner will be excused from the exhaustion requirement if the state unjustifiably delays action on his claims."  Nelson v. State of Miss., 77 F.3d 478 n.7 (5th Cir. 1996) (per curiam) (not selected for publication in the Federal Reporter) (citing Deters v. Collins, 985 F.2d 789,

---

[1] Petitioner's current release date is March 17, 2009, according to the Inmate Population Information Detail.  See http://www.dc.state.fl.us/ActiveInmates/detail.

795).  Here, Petitioner has not shown the state has unjustifiably delayed or is at fault.  Id.  Petitioner's case does not present the exceptional circumstances of peculiar urgency that would mandate federal court interference with the exhaustion process.

Accordingly, in recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state courts an opportunity to rule on Petitioner's claims.  For this reason, this case will be dismissed without prejudice to give Petitioner the opportunity to exhaust his state court remedies.  See Rose v. Lundy, 455 U.S. 509 (1982).

Accordingly, it is now

**ORDERED:**

1. Petitioner's request that he be permitted to proceed with this action without exhausting his state court remedies, contained in the Petition, is **DENIED.**

2. The case is **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28TH day of October, 2008.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

- 3 -

sa 10/22
c:
Walter H. Cary, III